ROSS PATRICK WAGES,

       Plaintiff,

       v.                          CAUSE NO.: 3:18-CV-102-PPS-MGG

WESTVILLE CORRECTIONAL FACILITY,
et al.,

       Defendants.

## OPINION AND ORDER

Ross Patrick Wages, a prisoner without a lawyer, filed a complaint against the Westville Correctional Facility and correctional staff. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Wages alleges that, on May 23, 2017, at the Westville Correctional Facility, he was assaulted by other inmates, who were also gang members. As a result, he suffered a broken nose and jaw and experiences pain, anxiety, and the inability to sleep. "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners."

*Farmer v. Brennan*, 511 U.S. 825, 833 (1994). "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). The plaintiff must establish "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Id.* In failure to protect cases, substantial risks are ones "so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). In such cases, "a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). Here, Wages includes no allegations to suggest that the defendants had any knowledge that would have allowed them to prevent the assault and includes no description of how any defendant was personally involved. Therefore, the complaint does not state a claim.

Wages needs to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). A copy of this court's approved form – Prisoner Complaint (INND Rev. 8/16) – is available upon request from the prison law library. On the amended complaint, he must put the cause number of this case which is on the first page of this order. He must describe his interactions with each defendant in detail, including names, dates, locations, and explain how each defendant is responsible for the assault. This narrative should be organized in numbered paragraphs. He must refer separately to the

unknown defendants even if he does not know their names. For instance, if he seeks to bring a claim against two sergeants and two correctional officers, he may refer to them as "Unknown Sergeant #1," "Unknown Sergeant #2," "Unknown Correctional Officer #1," and "Unknown Correctional Officer #2," and should use these names each time he refers to them.

For these reasons, the court:

(1) GRANTS Ross Patrick Wages until March 23, 2018, to file an amended complaint; and

(2) CAUTIONS Ross Patrick Wages that if he does not respond by that deadline, his case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice.

SO ORDERED on March 2, 2018.

s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT