UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROSS PATRICK WAGES,

    Plaintiff,

    v.

WESTVILLE CORRECTIONAL
FACILITY, et al.,

    Defendants.

CAUSE NO.: 3:18-CV-102-PPS-MGG

## OPINION AND ORDER

Ross Patrick Wages, a prisoner without a lawyer, filed an amended complaint. A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Wages alleges that, on May 22, 2017, at the Westville Correctional Facility, he requested protective custody from Sergeant Bowman and Mr. Watts. After some discussion, his request was denied, and he was placed in 7-dorm. On May 23, 2017, he

was assaulted by other inmates, who were also gang members. He reported the attack to Sergeant Bowman, who escorted Wages to the captain's office and then went home because it was the end of his shift. After receiving medical care, Wages discussed his housing assignment with two sergeants and a correctional officer. He informed them that he would not be safe on 8-dorm because it housed several gang members, but they placed him in 8-dorm against his objections. There, on the same day, he was assaulted by a different set of inmates. He was taken to the medical unit, where he was allowed to stay for the rest of that night, and he eventually transferred to the Putnamville Correctional Facility. As a result of the attacks, he suffered a broken nose and jaw and experiences pain, anxiety, and the inability to sleep. He seeks changes in the Westville Correctional Facility's protective custody procedures, the termination of Mr. Watts' employment, and money damages.

As an initial matter, it is unclear who Wages intended to name as a defendants. In the amended complaint, Wages states that he is suing fourteen defendants in this case, but he has listed only three defendants. Notably, the complaint form instructs plaintiffs to name each defendant in a numbered list along with their job titles and addresses. ECF 14-1 at 1. Similarly, in a previous order, Wages was advised that he needed to provide a list of those he seeks to name as a defendant. ECF 14. I thus construe the complaint as naming only the three listed defendants: Westville Correctional Facility, Mr. Watts, and Sergeant Bowman.

Nevertheless, the Westville Correctional Facility is not a proper defendant. Though it is where these events occurred, the Westville Correctional Facility is a

physical location, not a person or even a policy-making unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Additionally, because Wages has transferred from the Westville Correctional Facility, his requests for injunctive relief are moot. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred.").

Wages asserts an Eighth Amendment failure to protect claim against Sergeant Bowman and Mr. Watts. "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). The plaintiff must establish "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Id.* In failure to protect cases, substantial risks are ones "so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). In such cases, "a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). Though Wages could have been more detailed about what he told Sergeant

Bowman and Mr. Watts, it is plausible to infer that Wages conveyed a specific threat to his safety when he requested protective custody. Therefore, the complaint plausibly alleges a failure to protect claim against Sergeant Bowman and Mr. Watts under the Eighth Amendment.

Finally, I must address the fact that this case is currently closed. This case was closed on the basis that Wages had abandoned this case, but he later demonstrated that he missed a deadline to file an amended complaint through no fault of his own. As a result, I afforded Wages another opportunity to file an amended complaint and advised that I would decide whether to reopen the case after reviewing the amended complaint. Because the amended complaint states a valid claim, I now decide that this case will be reopened.

For these reasons, the court:

(1) DIRECTS the clerk to reopen this case;

(2) GRANTS Ross Patrick Wages leave to proceed on a claim against Mr. Watts and Sergeant Bowman in their individual capacities for money damages for failing to protect him from the May 2017 assaults in violation of the Eighth Amendment;

(3) DISMISSES the Westville Correctional Facility;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Mr. Watts and Sergeant Bowman at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 23) as required by 28 U.S.C. § 1915(d); and

4

(6) ORDERS Mr. Watts and Sergeant Bowman, pursuant to 42 U.S.C. § 1997e(g)(2), to respond as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Ross Patrick Wages has been granted leave to proceed in this screening order.

SO ORDERED on June 22, 2018.

s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT