UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROSS PATRICK WAGES,

    Plaintiff,

    v.                                     CAUSE NO.: 3:18-CV-102-PPS-MGG

WESTVILLE CORRECTIONAL
FACILITY, et al.,

    Defendants.

## OPINION AND ORDER

Ross Patrick Wages, a prisoner without a lawyer, proceeds on an Eighth Amendment claim against Mr. Watts and Sergeant Bowman for failing to protect him from assaults in May 2017 at the Westville Correctional Facility. The defendants filed a motion for summary judgment, arguing that Wages failed to exhaust his administrative remedies because he did not file any grievances related to his claim.

The defendants also provided Wages with the summary judgment notice required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. ECF 34, 44. The notice informed Wages of the importance of filing a response. It advised that, unless he disputed the facts presented by the defendants, the court could accept those facts as true. *See* Fed. R. Civ. P. 56(e). It further advised that a lack of response could result in the dismissal of his case. *See* Fed. R. Civ. P. 56(a). Nevertheless, Wages did not file a response.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

The grievance policy for the Indiana Department of Correction sets forth a four-step grievance process. First, an inmate must attempt to informally resolve a complaint, typically by speaking to the staff member most directly associated with the complaint.

ECF 32-2 at 8-9. If the inmate is unable to resolve informally the complaint, he may file a formal grievance with the grievance specialist. *Id.* at 9-11. If an inmate is dissatisfied with the grievance specialist's determination, he may file an appeal with the warden or a designee. *Id.* at 11-12. Finally, if an inmate is dissatisfied with the warden's determination, he may file an appeal with the department grievance manager. *Id.* at 12-13.

According to the grievance records, Wages has never filed any grievances with the Indiana Department of Correction. ECF 32-3. Based upon the undisputed evidence, I find that Wages failed to exhaust his available administrative remedies with respect to his claim.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 32); and

(2) DIRECTS the clerk to enter judgment and to CLOSE this case.

**SO ORDERED**.

ENTERED: January 24, 2019

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT